UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN – FLINT

In re:                                            CASE NO. 15-31105

COSTLESS, INC.                                    CHAPTER 11

                                                  HON. DANIEL S. OPPERMAN

_____

# Debtor in Possession Costless, Inc.'s Corrected Combined Chapter 11 Plan and Disclosure Statement

Debtor in Possession Costless, Inc., by its attorney, Jeffrey A. Chimovitz, submits the following as its Corrected Combined Chapter 11 Plan and Disclosure Statement:

## CHAPTER 11 PLAN

Chapter I 1 Debtor in Possession Costless, Inc. is a Michigan Business Corporation, Costless, Inc., by its attorney, Jeffrey A. Chimovitz, tenders the following, Combined Plan of Reorganization and Disclosure Statement:

## Plan of Reorganization

### ARTICLE 1- PURPOSE OF PLAN AND DISCLOSURE STATEMENT

Costless, Inc. is proposing and tendering this Plan of Reorganization to complete its reorganization under Chapter 11. In order to do so, it must obtain an Order Confirming [this] Plan of Reorganization.

This document has two parts. First, it is a Plan of Reorganization, which defines how the rights of creditors and Costless, Inc. will be changed. Second, it is a Disclosure

Statement, which presents information regarding the Debtor and its reorganization. The Bankruptcy Court has determined that the Disclosure Statement contains information which is adequate to permit creditors to make an informed decision regarding their vote and their rights under the Plan.

The information relied upon in this Plan and Disclosure Statement includes the following:

a)    The initial and amended Schedules and Statement of Financial Affairs, filed by Costless, Inc.

b)    Monthly Operating Reports filed by Costless, Inc., through September, 2015.

c)    Compiled financial statements for Costless, Inc. for the years ending December 31,2012, 2013, and 2014

d)    Documents filed in this Chapter 11 case.

## ARTICLE II-DEFINITIONS

1.    "Administrative Expenses" shall mean any post-petition obligation of Costless, Inc. as described under 11 U.S.C. § 503(b) which has been allowed by the Court of any obligation as described under 11 U.S.C. § 502(b) (I) (A), whether or not allowed by the Court, which is not disputed.

2.    "Claim" shall mean a claim for which a proof of claim has been filed with the Court on a timely basis or which has been scheduled by the Debtor as not disputed, not contingent, or not unliquidated and where no objection to the Claim has been allowed

by the order of the Bankruptcy Court. A claim shall not include any Administrative Expense.

1.      "Code" shall mean the Bankruptcy Code of 1978, as amended, and cited as Title 11 of the United States Code, as amended.

2.      "Confirmation Date" shall mean the date upon which the Court enters an order confirming the Plan of Reorganization for the debtor. For purposes of the Plan, the Confirmation Date is estimated to be January 15, 2016.

3.      "Court" shall mean the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division.

4.      "Debtor" shall mean Costless, Inc.

5.      "Effective Date" shall mean a date that is forty-five (45) days after the Court enters an order confirming the Debtor's Plan of Reorganization.

6.      "Plan" shall mean this Combined Plan of Reorganization and Disclosure Statement.

7.      Undefined terms used in this Plan shall have the meaning given to them by the Code.

## ARTICLE III - THE PLAN OF REORGANIZATION

### A. Summary of the Debtor's Plan

The Debtor will pay amounts from its post-petition and post confirmation income from all sources. Those tendered amounts will be distributed among parties in interest, in accordance with 11 U.S.C. § 507.

## B. Classification and Treatment of Administrative
## Expenses and Claims

Class 1- United States Trustee's Office-Quarterly Fees

Costless, Inc. believes that quarterly fees owed to The United States Trustee's Office are fully paid. Any such fees accrued but unpaid to the United States Trustee's Office must be paid before the Confirmation Date. **Debtor acknowledges the treatment of the United States Trustee's Office's Quarterly Fees under § 503(b)**

Class 1 is unimpaired.

Class 2- Administrative Expenses for Professional Services.

Jeffrey A. Chimovitz as the Debtor in Possession's § 327 (a) Attorney and Thomas M. Taylor as the § 327 (a) Accountant have agreed to receive their respective fees, when those fees are allowed by this Court, in installments during a period that extends beyond the Plan's Effective Date.

**Both Jeffrey A. Chimovitz's and Thomas M. Taylor's administrative expense claims are impaired.**

Class 4. Secured Claims

Huron Community Bank holds a perfected first mortgage on Costless, Inc.'s business premises at 3302 Associates Drive, Burton, Michigan 48529, to secure Costless, Inc.'s Business Loan Agreement with Huron Community Bank.

Costless, Inc.'s obligations to Huron Community Bank under that Business Loan Agreement is further secured by a perfected Article 9 First Security Interest in all of Costless, Inc.'s personal property.

As further security for Costless, Inc.'s obligations to Huron Community Bank under that pre-petition Business Loan Agreement, Huron Community Bank was granted a first Article 9

Security Interest in all post-petition inventory and accounts receivable by the Debtor in Possession with the approval of this Court.

Because the combined value of the encumbered building and personal property exceeds the present Business Loan Agreement amount, this Plan will treat Huron Community Bank's claim as fully secured.

Effective upon confirmation, the Automatic Stay shall be lifted with regard to Huron Community Bank ("HCB"). The Debtor and HCB shall be free to agree to any future payment structure, and if they are unable to agree to a payment structure, then HCB may enforce its existing loan documents in any lawful manner it deems appropriate. The interest rate currently applicable to the HCB indebtedness is 6.0% per year, but the interest rate is subject to change in accordance with the existing loan documents between the Debtor and HCB. HCB shall retain its liens.

**Class 4 is impaired.**

Class 5. Tax Claims

Because of operating losses suffered by Costless, Inc. in the two years before its Relief Date, Costless, Inc. believes that owes no pre-petition taxes to the IRS or the Michigan Department of Treasury, after the respective Proof of Claims are reviewed. However, if either has pre-petition tax claims that are allowed by this Court, each allowed pre-petition claim will be paid in accordance with 11 U.S.C. § 1129 (a) (9) (C).

Costless, Inc.'s post-petition and post confirmation taxes will be handled as allowed under the IRS' and Michigan Department of Treasury's respective Codes.

**Class 5 is unimpaired.**

Class 6.        Unsecured Claims

Class 6 is comprised of 39 claims. The "trade debt" component of Class 6's total is $867,692.73. The "loan" component of Class 6 is populated by 15 named claimants.

Class 6 is junior to administrative expense claims, Huron Community Bank's secured claim, and allowed priority claims.

Class 6 is senior to the equity interest holders. Reorganized Debtor shall make no dividend or other distributions to the equity interest holders or their assigns until all distributions to Class 6 claimants under this Plan are completed. Similarly, wages and benefits to those equity interest holders who are active in Reorganized Debtor's business will be frozen at their Pre-April 29, 2015 levels until all distributions to Class 6 claimants under this Plan are completed.

Distribution to Class 6 claims shall be as follows:

Starting 30 days after all allowed Tax Claims are fully paid under 11 U.S.C. § 1129 (a) (9) (C), Class 6 claims shall be paid by the Reorganized Debtor, as follows:

1.      Equal annual payments in an amount equal to 2% of the total amount of allowed Class 6 claims shall be tendered to Class 6, distributed in pari pasu to its allowed claimants, until a total of 10% of the amount of allowed Class 6 claims has been paid by the Reorganized Debtor under this Plan. After that total amount has been paid, Reorganized Debtor will be discharged under 11 U.S.C. § 1141, as described below, in "Effects of Confirmation" (Article VI, Section E)

**Class 6 is impaired.**

Class 7. Equity Interest Holders.

Equity interest holders shall have all rights as equity interest holders suspended until the distribution under this Plan to Class 6 claims has been successfully completed.

**Class 7 is impaired.**

## II
## Description of Debtor

A.      Costless, Inc. is a Michigan Business Corporation in good standing. Its Identification number is 05635D. It was incorporated on August 19, 2003, by incorporator Matthew Ovadek. It has been authorized to issue 60,000 shares of common stock. **The Plan contemplates that Costless; Inc. will continue its business, after Plan Confirmation, as a Reorganized Debtor.**

**This Plan contemplates that the three shareholders/directors, Matthew Ovadek, Steven Ovadek, Jer., and Richard Daly, Jr., will continue to operate the Debtor's business after this Plan is confirmed. Their respective wages and benefits regarding their continued operations are as follows:**

| NAME | SALARY | OTHER BENEFITS |
|------|--------|----------------|
| Matthew J. Ovadek | None sought | None sought |
| Steven Ovadek, Jr. | $33,800 | Health Plan |
| Richard Daly, Je. | $33,800 | |

B. Description of Principals.

Costless, Inc. has three shareholders, who also comprise its three-member Board of Directors. The three shareholders and their respective office are:

Matthew Ovadek (51% shareholder's interest) is President. **He graduated from Luke M. Powers High School in 1985. He worked at BGB Pet Supply from 1987 to 2000, starting in sales, then sales manager, director of purchasing, and finally regional manager of 13 retail stores.**

Matthew Ovadek started his own store, Doogies, in Davison, Michigan, in 2000. He also started a Direct Store Delivery business with his brother, Steven Ovadek, Jr. after 2000. He incorporated Costless, Inc. in 2003. Debtor in Possession Costless, Inc. began operations in 2006.

Stephen Ovadek, Jr. (25% shareholder's interest) is Secretary. He is an 1984 graduate of Luke M. Powers High School. He owned a furniture restoration company from 1984 to 1997. In 1997, Steve Ovadek began working at BGB Pet Supply as the warehouse manager. In 2000 he began a Direct Store Delivery business with his brother, Matthew Ovadek, delivering pet supplies to many pet stores in southeast Lower Michigan. In 2006, Matt, he began Costless, Inc.'s operations with Matthew Ovadek and Richard Daly, Jr.

Richard Daly, Jr. (24% shareholder's interest) is Vice-president. **He is a 1976 graduate of Luke M. Powers High School. He attended Kellogg Community College and the University of Cincinnati. He received a Bachelor of Science degree in 1981. He moved back to Flint to pursue a career in real estate with Oakwood Realty. I was with Oakwood Realty for 25 years, where he managed rental homes for many property owners. In 2006, he started Costless, Inc.'s operations with Mathew and Steven Ovadek to form Cost Less Pet Treats.**

C. Description of Debtor's business.

Costless, Inc. has been engaged in wholesale sales of pet supplies and other pet related items to distributors and retail concerns throughout the United States, since 2006.

Costless, Inc.'s business is classified as "Pet supplies merchant wholesalers." NAICS code 424990.

D. Reasons for Seeking Chapter 11 relief:

A November 2, 2012, fire heavily damaged Costless, Inc.'s warehouse and offices. Although insurance proceeds enabled Costless, Inc. to rebuild those premises, the interruption to its business severely harmed its cash flow and revenues.

**Its business model was to invest in and distribute stand-alone "kiosks" for convenience stores, which the convenience stores' employees would re-stock from Costless, Inc. as needed. That model turned out to be impractical and money losing.**

In addition, significant tax controversies with the IRS wreaked havoc on its relations with its customers.

The combination of the business interruption, **unprofitable business practices**, and tax enforcement caused Costless, Inc. to file for protection under Chapter 11 on April 29, 2015.

E. The financial information relevant to the feasibility of this Chapter 11 Plan is summarized in Attachment A – Financial Projections.

**Those Financial Projections are based on management's re-analysis regarding what have been the most profitable segments of present and past business operations and its decision to further focus on those segments.**

**Those projections are based on the following strategies, underlying assumptions, and contemplated actions:**

1. **Management's present and future strategy of strictly limiting inventory components to non-perishable items;**

2. **Continuation of the already accomplished termination of Costless, Inc.'s "sell or send back" policy, which has already resulted in significantly smaller "waste" and correspondingly larger "final" revenue results. Those factors**

measurably indicate higher gross revenue and net profitability results in the post-confirmation but pre-discharge years (2016 to 2024).

F.    Possible Tax Consequences

Because Costless, Inc. is taxed under Internal Revenue Code Sub-Chapter S, all of its income and losses are "passed through" to its shareholders, as though Costless, Inc. were a partnership. The Plan does not propose to change that tax treatment. Accordingly, a confirmed Plan of Reorganization should have no effect on the Reorganized Debtor.

## III.
## Post-Petition Events of Significance

A.    Costless, Inc. entered into a Cash Collateral Stipulation with Huron Community Bank, which was approved by this Court. **Debtor in Possession Costless, Inc. waived any pre- or post-petition defenses to Huron Community Bank's claim, which the Plan deems to be fully secured, based on the excess of even forced sale values on Huron Community Bank's mortgage and Article 9 Security Interests in Costless, Inc.'s real and personal property collateral.**

B.    There have been no other post-petition events of significance.

## Liquidation Analysis

I.  Valuation of Assets and Amount of Secured Claims

| Asset: | Intact, Going Concern Value: | Forced Sale Value: | Net Liquidation Value after secured party's full recovery: |
|---|---|---|---|
| Building | $345,000 | 231,150 | 00.00 |
| Equipment | 15,000 | 10,000 | 00.00 |

| | | | |
|---|---:|---:|---:|
| Inventory | 206,000 | 138,000 | 00.00 |
| Accounts receivable | 75,000 | 50,000 | 00.00 |
| | $641,000 | $429,150 | $104,150 |

Debtor in Possession has reached the fair value of each of these assets by using its intact value as part of a going concern. Liquidation values were set on an "as-is", piecemeal basis, equal to 66 2/3rds percent of the Book value of each asset. Actual liquidation values may be lower than that 66 2/3rds estimate, but the higher valuation is in the unsecured claims' favor, not against it.

II. <u>Proceeds of Assets </u>(before deducting Amount of Secured Claims)

Gross Liquidation Proceeds (using forced Sale Values)      429,150

(a) Secured Claims      $325,000

(b) <u>Administrative Expenses</u>

United States Trustee's Office

Debtor's Attorney [Estimated]           $8,000

Debtor's Accountant   [estimated]        $2,500

Trade Payables

Total Secured, Administrative and
pre-petition Claims

IV.      <u>Distribution of Proceeds of Assets in the Event of Liquidation</u>

(a)      Gross Proceeds Available from

|     |                           |              |
| --- | ------------------------- | ------------ |
| (b) | liquidation of assets     | $429,150     |
|     | Less Total of             |              |
|     | Secured Claims            | $325,000     |
|     | Administrative expenses   | $10,500      |
|     | Priority Claims           | $70,989.22   |
| Total |                         | $406,489.22  |

(c)     Net Proceeds

| proceeds available to pre-petition non-priority unsecured claims | $22,660.78 |
| --- | --- |
| Proceeds available to Equity holders | 00.00 |

Based upon the above liquidation analysis, Debtor in Possession believes that Class Six must approve the Plan if the Plan is to be confirmable under 11 U.S.C. § 1129 (b) (2) (B).

**Huron Community Bank and the "Loan" creditors listed in Schedule F each hold the guarantees of Matthew J. Ovadek, Steven Ovadek, Jr, and Richard Daly, Jr. Those three guarantors' respective liability regarding Costless, Inc.'s obligations will not be changed or terminated unless Costless, Inc. fully performs its undertakings under this Plan of Reorganization.**

# VI. Legal Requirements

A. Voting Procedures

Under the Bankruptcy Code, only classes of claims against or equity interests in a debtor that are impaired under a plan are entitled to vote to accept or reject a plan.

Accordingly, classes of claims or interest that are not impaired are not entitled to vote on the Plan.

Creditors that hold claims in more than one impaired class are entitled to vote separately in each class. Such creditors will receive a separate ballot for all of their claims in each in class (in accordance with the records of the clerk) and should complete and sign each ballot separately. A creditor who asserts a claim in more than one class and who has not been provided with sufficient ballots, may photocopy the ballot received a file multiple ballots.

Votes on the plan will be counted only with respect to claims (a) that are listed on the debtor's Schedules of Assets and Liabilities other than as disputed, contingent or unliquidated; or (b) for which a proof of claim was filed on or before the bar date set by the Court for the filing of claims (except for certain claims expressly excluded from that bar date or which are allowed by court order). However, any vote by a holder of a claim shall not be counted if such claim has been disallowed or is the subject of an unresolved objection, absent an order of the Court allowing such claim for voting purposes pursuant to Bankruptcy Code § 502 and F.R. Bankr P. 3018.

Voting on the plan by each holder of a claim in an impaired class is important.

After carefully reviewing the plan and this disclosure statement, please indicate your vote on each enclosed ballot and return it to the address provided in the order of the Court which accompanies this document.

Any ballot that does not appropriately indicate acceptance or rejection of the plan will be disregarded.

In order to be counted, ballots must be marked, signed and returned so that they are received no later than 4:00 p.m. (Eastern Time) on the date fixed in the accompanying order of the Court.

B.  Acceptance.

The Bankruptcy Code defines acceptance of a plan by an impaired class of claims as acceptance by holders of at least 2/3rds in dollar amount and more than one-half in number, of the claims of that class which actually cast ballots. The Bankruptcy Code defines acceptance of a plan by an impaired class of equity interests as acceptance by holders of at least 2/3rds in number of the equity interests of that class that actually cast ballots.

Confirmation

Other conditions to confirmation of a plan can be found in § 1129 of the Bankruptcy Code and are too numerous and detailed to be fully explained in this document. Moreover, Chapter 11 reorganization is complex and the rights of creditors and other interested parties should be specifically and more fully explained by independent counsel.

Confirmation of a Plan requires that at least one class of impaired claims or interests accepts the plan.

Effective Date

This Plan's Effective Date shall be 45 days from the date that this Court confirms this Plan of Reorganization.

Modification:

The proponent reserves the right to modify or revoke or withdraw the Plan at its sole option, at any time before confirmation.

E.      Effect of Confirmation:

Confirmation of the plan will make the Plan binding upon the debtor, creditors, shareholders or other equity interest holders and other parties in interest regardless of whether they have accepted the plan. Because this plan contemplates that the underlying business will be continued, all claims shall be discharged, upon the successful completed performance of Costless, Inc.'s post-confirmation performance under this Plan.

Dated: December 7, 2015

> /s/ Jeffrey A. Chimovitz
> Jeffrey A. Chimovitz (P 11840)
> 7550 S. Saginaw Street, Suite 6
> Grand Blanc, Michigan 48439
> (810) 238.9615
> jeffchimovitz@gmail.com
> Attorney for Costless, Inc.

# Attachment A Financial Projections

## Costless, Inc,
## Projection of Income and Expenses

| | 2016 | 2017 | 2018 |
|---|---|---|---|
| Sales (net of Discounts) | 1,500,000 | 1,700,000 | 2,000,000 |
| Cost of Sales | 600,000 | 680,000 | 800,000 |
| Gross Margin | 900,000 | 1,020,000 | 1,200,000 |
| | | | |
| Expenses | | | |
| Salaries and Wages | 330,000 | 374,000 | 440,000 |
| Payroll Taxes | 39,600 | 44,880 | 52,800 |
| Legal and Professsional | 5,000 | 5,000 | 5,000 |
| Car and Truck | 24,000 | 24,000 | 24,000 |
| Banks Fees | 15,000 | 17,000 | 20,000 |
| Commission/Promotion | 120,000 | 136,000 | 160,000 |
| Computer and Related Expenses | 2,500 | 2,500 | 2,500 |
| Dumpster | 1,250 | 1,250 | 1,250 |
| Fees | 3,500 | 3,500 | 3,500 |
| Insurance Expense | 38,700 | 38,700 | 38,700 |
| Interest Expense | | | |
| License and Fees | 3,450 | 3,450 | 3,450 |
| Meals and Entertainment | 4,600 | 4,600 | 4,600 |
| Dues | 500 | 500 | 500 |
| Depreciation | 10,500 | 10,500 | 10,500 |
| Postage | 250 | 250 | 250 |
| Printing | 8,225 | 8,225 | 8,225 |
| Repairs and Maintenance | 8,771 | 8,771 | 8,771 |
| Shipping | 45,000 | 51,000 | 60,000 |
| Show Expenses | 22,500 | 25,500 | 30,000 |
| Supplies | 7,500 | 7,500 | 7,500 |
| Property Taxes | 10,250 | 10,250 | 10,250 |
| Travel Expense | 10,500 | 10,500 | 10,500 |
| Utilities | 31,625 | 31,625 | 31,625 |
| Waste | 200 | 200 | 200 |
| Miscellenous | 5,000 | 5,000 | 5,000 |
| | | | |
| Total Expenses | 748,421 | 824,701 | 939,121 |
| | | | |
| Net Income | 151,579 | 195,299 | 260,879 |

| 2019 | 2020 | 2021 |
|---|---|---|
| 2,200,000 | 2,400,000 | 2,600,000 |
| 880,000 | 960,000 | 1,040,000 |
| 1,320,000 | 1,440,000 | 1,560,000 |
| | | |
| 484,000 | 528,000 | 572,000 |
| 58,080 | 63,360 | 68,640 |
| 5,000 | 5,000 | 5,000 |
| 24,000 | 24,000 | 24,000 |
| 22,000 | 24,000 | 26,000 |
| 176,000 | 192,000 | 208,000 |
| 2,500 | 2,500 | 2,500 |
| 1,250 | 1,250 | 1,250 |
| 3,500 | 3,500 | 3,500 |
| 38,700 | 38,700 | 38,700 |
| | | |
| 3,450 | 3,450 | 3,450 |
| 4,600 | 4,600 | 4,600 |
| 500 | 500 | 500 |
| 10,500 | 10,500 | 10,500 |
| 250 | 250 | 250 |
| 8,225 | 8,225 | 8,225 |
| 8,771 | 8,771 | 8,771 |
| 66,000 | 72,000 | 78,000 |
| 33,000 | 36,000 | 39,000 |
| 7,500 | 7,500 | 7,500 |
| 10,250 | 10,250 | 10,250 |
| 10,500 | 10,500 | 10,500 |
| 31,625 | 31,625 | 31,625 |
| 200 | 200 | 200 |
| 5,000 | 5,000 | 5,000 |
| | | |
| 1,015,401 | 1,091,681 | 1,167,961 |
| | | |
| 304,599 | 348,319 | 392,039 |

Supplement to Plan and Disclosure Statement
(Financial Statements and Explanation)

# Explanation regarding Financial Statements

The preceding Financial Statements for 2014 and January-April 2015 reflect that Costless, Inc. has suffered operating losses. Those losses have been largely funded by inventory reductions.

Costless, Inc.'s recovery from those losses has been started by the following actions, among others:

1.  Cutting ACKNOWLEDGE on trade shows, from 40 per year to the most profitable 10.

2.  Culling distributors to drop the least profitable ones.

3.  Using inventories to re-stock existing accounts, rather than focusing on speculative, "new prospects."

4.  Using Costless, Inc.'s own truck to re-stock existing point of sale bins, rather than rely on customers' own personnel.

5.  Increase purchases from Mexican supplier, whose prices are significantly lower than its competitors'.

## Cost Less
# Profit & Loss
### January through December 2014

|  | Jan - Dec 14 |
|---|---|
| **Ordinary Income/Expense** | |
| **Income** | |
| Bill Back / Credit | -76,960.81 |
| Recycling | 207.95 |
| Sales | 1,740,784.60 |
| Shipping and Delivery Income | 4,768.25 |
| **Total Income** | 1,668,799.99 |
| **Cost of Goods Sold** | |
| Cost of Goods Sold | 931,643.78 |
| Freight Costs | 118,874.02 |
| **Total COGS** | 1,050,517.80 |
| **Gross Profit** | 618,282.19 |
| **Expense** | |
| Attorney Fees | 375.00 |
| **Auto and Truck Expenses** | |
| Car / Cab Rental | 7,282.87 |
| Gas | 9,290.99 |
| Repairs/ Maintenance | 7,075.18 |
| Toll / Parking | 947.95 |
| Auto and Truck Expenses - Other | 137.96 |
| **Total Auto and Truck Expenses** | 24,734.95 |
| **Bank Service Charges** | |
| Loan Fee | -949.50 |
| Monthly Cash Mgt ACH | 40.00 |
| NSF/Uncollected Funds Item Chrg | 6,119.00 |
| Overdraft Account Charge | 4,480.00 |
| Overdraft Item Charge | 11,057.00 |
| Remote Capture | 300.00 |
| Void | 0.00 |
| Wire | 2,376.00 |
| Bank Service Charges - Other | 12.00 |
| **Total Bank Service Charges** | 23,434.50 |
| Commission / Promotion | 12,375.13 |
| Computer and Internet Expenses | 2,603.45 |
| Cost Adjustment | 0.20 |
| Depreciation Expense | 10,721.73 |
| **Discount** | |
| 2% - Pay within Terms | 144.96 |
| Discount - Other | 48,900.82 |
| **Total Discount** | 49,045.78 |
| Donation | 1,000.00 |
| Dumpster | 1,252.58 |
| Exchange / Samples | 14.16 |
| **Fee** | |
| Administration Fee | 101.83 |
| Credit Card Processing | 2,978.00 |
| Late | 23.84 |
| NSF | 179.00 |
| Pay by Phone | 3.90 |
| Fee - Other | 42.70 |
| **Total Fee** | 3,329.27 |
| Insurance Expense | 38,746.23 |
| Interest Expense | 28,548.74 |
| License / Permits | 3,402.05 |
| Meals and Entertainment | 4,657.79 |
| Membership Dues | 45.00 |
| Miscellaneous | 1,731.06 |

# Cost Less
# Profit & Loss
### January through December 2014

|  | Jan - Dec 14 |
|---|---|
| **Payroll Expenses** | |
| Casual Labor | 52,662.31 |
| Payroll | 313,114.15 |
| Payroll / Paysystems | 4,154.75 |
| Taxes-Prior Year Payroll | 3,514.44 |
| Taxes - Payroll Taxes Employer | 46,406.34 |
| The Hartford Insurance WC | 6,830.17 |
| Payroll Expenses - Other | 127.54 |
| **Total Payroll Expenses** | 426,809.70 |
| Postmaster | 60.25 |
| Printing and Reproduction | 8,223.46 |
| Reconciliation Discrepancies | 1,697.22 |
| Repairs and Maintenance | 8,770.26 |
| Returned Product | 1,173.75 |
| Security System | 503.40 |
| Shipping | 48,393.28 |
| **Show Expense** | |
| Booth | 19,530.18 |
| Samples | 4.76 |
| Show Expense - Other | 391.72 |
| **Total Show Expense** | 19,926.66 |
| **Supplies** | |
| Office Supplies | 3,138.56 |
| Warehouse | 1,157.73 |
| Workshop | 3,730.81 |
| **Total Supplies** | 8,027.10 |
| Taxes - Property | 10,227.23 |
| Telephone Expense | 7,528.78 |
| **Travel Expense** | |
| Airfare / Baggage | 2,387.90 |
| Hotel | 7,162.15 |
| **Total Travel Expense** | 9,550.05 |
| Uncollectible FUNDS | 1,458.60 |
| **Utilities** | |
| Cable / Internet / Phone | 9,355.63 |
| Electric | 21,000.98 |
| Water / Sewer | 930.47 |
| Utilities - Other | 339.51 |
| **Total Utilities** | 31,626.59 |
| Waste | 208.68 |
| Write Off | -0.01 |
| **Total Expense** | 790,202.62 |
| **Net Ordinary Income** | -171,920.43 |
| **Other Income/Expense** | |
| **Other Income** | |
| Other Income/Loss | 5,972.55 |
| **Total Other Income** | 5,972.55 |
| **Other Expense** | |
| Ask My Accountant | 615.00 |
| **Total Other Expense** | 615.00 |
| **Net Other Income** | 5,357.55 |
| **Net Income** | -166,562.88 |

# Cost Less
# Balance Sheet
## As of December 31, 2014

|  | Dec 31, 14 |
|---|---|
| **ASSETS** | |
|   **Current Assets** | |
|     **Checking/Savings** | |
|       Huron Bank | -15,505.29 |
|       Huron Bank - 0919 | 9,820.79 |
|       Petty Cash #1 | 10,637.00 |
|     **Total Checking/Savings** | 4,952.50 |
|     **Accounts Receivable** | |
|       Accounts Receivable | 82,451.87 |
|     **Total Accounts Receivable** | 82,451.87 |
|     **Other Current Assets** | |
|       Inventory Asset | 443,457.01 |
|       N/R-Doogies | 11,350.84 |
|       N/R-Matt Ovadek | 8,758.55 |
|       N/R-Steve Ovadek | 1,138.14 |
|     **Total Other Current Assets** | 464,704.54 |
|   **Total Current Assets** | 552,108.91 |
|   **Fixed Assets** | |
|     Accumulated Depreciation | -47,314.18 |
|     Building & Improvements | 310,000.00 |
|     Computers | 3,898.57 |
|     Equipment | 6,551.60 |
|     Furniture and Fixtures | 11,461.44 |
|     Software | 3,672.00 |
|     Tractors and Trailers | 1,312.40 |
|   **Total Fixed Assets** | 289,581.83 |
|   **Other Assets** | |
|     CostLess Furniture | 19,356.27 |
|   **Total Other Assets** | 19,356.27 |
| **TOTAL ASSETS** | 861,047.01 |
| **LIABILITIES & EQUITY** | |
|   **Liabilities** | |
|     **Current Liabilities** | |
|       **Accounts Payable** | |
|         Accounts Payable | 752,328.54 |
|       **Total Accounts Payable** | 752,328.54 |
|       **Other Current Liabilities** | |
|         Advances | 492.00 |
|         Huron Bank Loan 262928 | 296,302.49 |
|         Mike Ovadek-Loan Payable | 28,200.00 |
|         Payroll Liabilities | 20,814.54 |
|       **Total Other Current Liabilities** | 345,809.03 |
|     **Total Current Liabilities** | 1,098,137.57 |

## Cost Less
# Profit & Loss
### April 2015

| | Apr 15 | Jan - Apr 15 |
|---|---|---|
| **Ordinary Income/Expense** | | |
| **Income** | | |
| Bill Back / Credit | -1,210.17 | -16,839.58 |
| Recycling | 0.00 | 30.95 |
| Sales | 143,365.39 | 486,564.62 |
| Shipping and Delivery Income | 343.68 | 878.21 |
| **Total Income** | 142,498.90 | 470,634.20 |
| **Cost of Goods Sold** | | |
| Cost of Goods Sold | 78,659.25 | 278,507.60 |
| Freight Costs | 8,952.47 | 27,805.41 |
| **Total COGS** | 87,611.72 | 306,313.01 |
| **Gross Profit** | 54,887.18 | 164,321.19 |
| **Expense** | | |
| **Auto and Truck Expenses** | | |
| Car / Cab Rental | 0.00 | 1,419.98 |
| Gas | 80.00 | 1,060.78 |
| Repairs/ Maintenance | 385.00 | 579.20 |
| Toll / Parking | 0.00 | 120.05 |
| **Total Auto and Truck Expenses** | 465.00 | 3,180.01 |
| **Bank Service Charges** | | |
| Monthly Cash Mgt ACH | 10.00 | 20.00 |
| NSF/Uncollected Funds Item Chrg | 360.00 | 955.00 |
| Overdraft Account Charge | 91.00 | 266.00 |
| Overdraft Item Charge | 945.00 | 3,395.00 |
| Remote Capture | 25.00 | 100.00 |
| Void | 0.00 | 0.00 |
| Wire | 100.00 | 340.00 |
| **Total Bank Service Charges** | 1,531.00 | 5,076.00 |
| Commission / Promotion | 137.15 | 479.26 |
| Computer and Internet Expenses | 30.00 | 755.52 |
| Depreciation Expense | 3,282.65 | 3,282.65 |
| Discount | 2,886.06 | 10,784.10 |
| Dumpster | 96.32 | 555.05 |
| **Fee** | | |
| Credit Card Processing | 278.82 | 699.58 |
| Late | 81.37 | 81.37 |
| **Total Fee** | 360.19 | 780.95 |
| Insurance Expense | 4,809.55 | 17,902.18 |
| Interest Expense | 1,548.09 | 5,965.34 |
| License / Permits | 40.00 | 566.75 |
| Meals and Entertainment | 322.00 | 948.51 |
| Miscellaneous | 153.82 | 1,112.44 |
| **Payroll Expenses** | | |
| Payroll | 27,681.43 | 149,266.52 |
| Payroll / Paysystems | 0.00 | 59.08 |
| Taxes-Prior Year Payroll | 437.40 | 5,121.27 |
| Taxes - Payroll Taxes Employer | 0.00 | 12,784.85 |
| Payroll Expenses - Other | 16,281.04 | 72,063.24 |
| **Total Payroll Expenses** | 44,399.87 | 239,294.96 |
| Printing and Reproduction | 0.00 | 4,122.34 |
| Professional Fees | 0.00 | 2,539.00 |
| Rebate | 1,595.57 | 1,595.57 |
| Repairs and Maintenance | 0.00 | 2,592.42 |
| Returned Product | 164.50 | 164.50 |
| Security System | 0.00 | 129.00 |
| Shipping | 1,751.04 | 8,518.20 |

Cost Less
# Profit & Loss
April 2015

|  | Apr 15 | Jan - Apr 15 |
|---|---|---|
| Show Expense |  |  |
|   Booth | 0.00 | 825.00 |
| Total Show Expense | 0.00 | 825.00 |
| Supplies |  |  |
|   Office Supplies | 0.00 | 769.74 |
|   Warehouse | 27.37 | 209.14 |
|   Workshop | 0.00 | 125.47 |
| Total Supplies | 27.37 | 1,104.35 |
| Telephone Expense | 4,800.00 | 4,800.00 |
| Travel Expense |  |  |
|   Hotel | 0.00 | 599.37 |
| Total Travel Expense | 0.00 | 599.37 |
| Uncollectible FUNDS | 7.69 | 279.53 |
| Utilities |  |  |
|   Cable / Internet / Phone | 791.21 | 4,120.72 |
|   Electric | 6,293.34 | 11,098.09 |
|   Water / Sewer | 0.00 | 635.51 |
| Total Utilities | 7,084.55 | 15,854.32 |
| Total Expense | 75,492.42 | 333,807.32 |
| Net Ordinary Income | -20,605.24 | -169,486.13 |
| Other Income/Expense |  |  |
| Other Income |  |  |
|   Other Income/Loss | 35.00 | 255.00 |
| Total Other Income | 35.00 | 255.00 |
| Other Expense |  |  |
|   Ask My Accountant | 0.00 | 38.89 |
| Total Other Expense | 0.00 | 38.89 |
| Net Other Income | 35.00 | 216.11 |
| Net Income | -20,570.24 | -169,270.02 |

# Cost Less
# Balance Sheet
## As of April 30, 2015

|  | Apr 30, 15 |
|---|---|
| **ASSETS** | |
| **Current Assets** | |
| **Checking/Savings** | |
| Huron Bank | -6,024.44 |
| Huron Bank - 0919 | 151.68 |
| Petty Cash #1 | 8,867.46 |
| **Total Checking/Savings** | 2,994.70 |
| **Accounts Receivable** | |
| Accounts Receivable | 106,920.28 |
| **Total Accounts Receivable** | 106,920.28 |
| **Other Current Assets** | |
| Inventory Asset | 352,983.64 |
| N/R-Doogies | 11,350.84 |
| N/R-Matt Ovadek | 8,758.55 |
| N/R-Steve Ovadek | 1,138.14 |
| Undeposited Funds | 553.29 |
| **Total Other Current Assets** | 374,784.46 |
| **Total Current Assets** | 484,699.44 |
| **Fixed Assets** | |
| Accumulated Depreciation | -50,596.83 |
| Building & Improvements | 310,000.00 |
| Computers | 3,898.57 |
| Equipment | 6,551.60 |
| Furniture and Fixtures | 11,461.44 |
| Software | 3,672.00 |
| Tractors and Trailers | 1,312.40 |
| **Total Fixed Assets** | 286,299.18 |
| **Other Assets** | |
| CostLess Furniture | 19,356.27 |
| **Total Other Assets** | 19,356.27 |
| **TOTAL ASSETS** | 790,354.89 |
| **LIABILITIES & EQUITY** | |
| **Liabilities** | |
| **Current Liabilities** | |
| **Accounts Payable** | |
| Accounts Payable | 730,518.13 |
| **Total Accounts Payable** | 730,518.13 |
| **Other Current Liabilities** | |
| Advances | 492.00 |
| Huron Bank Loan 262928 | 296,000.00 |
| Mike Ovadek-Loan Payable | 28,200.00 |
| Payroll Liabilities | 59,783.93 |
| **Total Other Current Liabilities** | 384,475.93 |
| **Total Current Liabilities** | 1,114,994.06 |

# Cost Less
# Balance Sheet
## As of April 30, 2015

|  | Apr 30, 15 |
|---|---|
| **Long Term Liabilities** | |
| **Notes Payable** | |
| Bonanni | 150,000.00 |
| Botkins | 25,000.00 |
| Brohn | 50,000.00 |
| Hitzleberger | 30,000.00 |
| Hubbard | 25,000.00 |
| Kalbfleisch | 10,000.00 |
| Miller | 25,000.00 |
| Ockerman | 10,000.00 |
| Palma | 25,000.00 |
| Scannell | 150,000.00 |
| Szuch | 25,000.00 |
| Vantivelt, David | 75,000.00 |
| Vantivelt, Hugh | 100,000.00 |
| Voth | 10,000.00 |
| Weidenhammer | 19,147.06 |
| Wendling | 150,000.00 |
| **Total Notes Payable** | 879,147.06 |
| **Total Long Term Liabilities** | 879,147.06 |
| **Total Liabilities** | 1,994,141.12 |
| **Equity** | |
| Capital Stock | 10,000.00 |
| Dividends-S-Corp | -20,000.00 |
| Opening Balance Equity | 81,721.42 |
| Retained Earnings | -1,100,090.86 |
| Net Income | -169,270.02 |
| **Total Equity** | -1,197,639.46 |
| **TOTAL LIABILITIES & EQUITY** | 796,501.66 |